UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **LESLIE KIRKENDOLL,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: |
| | ) |
| **MG LLC d/b/a TRANZACT,** | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S COMPLAINT WITH DEMAND FOR JURY TRIAL**

COMES NOW Plaintiff, Leslie Kirkendoll ("Plaintiff" or "Kirkendoll"), and files her Complaint against Defendant, MG LLC d/b/a TRANZACT ("Defendant" or "Tranzact"), and in support states the following:

**NATURE OF THE CLAIMS**

1. This is an action for monetary damages pursuant to the Title I of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et seq.* ("ADA") to redress Defendant's unlawful discrimination and harassment against Plaintiff due to her disability leading to her unlawful termination.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding deprivation of Plaintiff's civil rights under the ADA.

1

3. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action occurred in this District.

## THE PARTIES

4. Plaintiff, Kirkendoll, is a citizen of the United States, and is and was at all times material, a resident of the state of Texas.

5. Defendant, Tranzact, is a domestic for-profit corporation with its headquarters in Fort Lee, New Jersey.

6. Defendant does business and Plaintiff worked for Defendant in this District at Defendant's Richardson, TX location.

7. Defendant is an employer as defined by the all laws under which this action is brought and employs the requisite number of employees.

## PROCEDURAL REQUIREMENTS

8. Plaintiff has complied with all statutory prerequisites to filing this action.

9. On May 28, 2021, Plaintiff filed a claim with the Equal Employment Opportunity Commission ("EEOC") against Defendant satisfying the requirements of 42 U.S.C. § 2000e-5(b) and (e) based on disability and retaliation.

10. Plaintiff's EEOC charge was filed within three hundred days after the alleged unlawful employment practices occurred.

11. On October 6, 2021, the EEOC issued Plaintiff a Dismissal and Notice of Rights.

12. This complaint was filed within ninety days of Plaintiff's receipt of the Dismissal and Notice of Rights from the EEOC.

## FACTUAL ALLEGATIONS

13. Plaintiff was employed by defendant in a full-time capacity beginning around August 2019 until she learned of her termination in late November 2020.

14. At the time of her termination Plaintiff held the position of Medicare Sales Representative.

15. Plaintiff suffers from a disability, Hydrocephalous, as Defendant is aware.

16. As a result, Plaintiff was forced to undergo a series of medical procedures in early 2020.

17. Around mid-March 2020, Plaintiff requested and was approved by Defendant to take a medical leave of absence.

18. In early May 2020, Plaintiff returned to work from the leave of absence.

19. However, in June 2020, Plaintiff's supervisor, Randy Pereeszi, informed Plaintiff that she did not seem like herself, referring to the effects of Plaintiff's medical condition.

20. Despite Plaintiff being able to perform the essential functions of her job, Mr. Pereeszi instructed Plaintiff to go back on medical leave.

21. Plaintiff complied and went back on medical leave as she did not want to be deemed insubordinate.

22. In November 2020, while Plaintiff was on medical leave, Plaintiff realized that her disability benefits were interrupted.

23. Plaintiff contacted Prudential, Defendant's disability benefit provider, to inquire as to the status of her disability benefits, and Prudential informed Plaintiff that Defendant terminated her employment.

24. At no time during Plaintiff's leave did Defendant inform Plaintiff that her job was in jeopardy, and as far as Plaintiff understood her leave of absence was authorized by Defendant.

25. In addition, at no time before Plaintiff learned of her termination from Prudential did Defendant contact Plaintiff to engage in the interactive process as required by the ADA.

26. Plaintiff has been damaged by Defendant's illegal conduct.

27. Plaintiff has had to retain the services of the undersigned counsel and has agreed to pay said counsel reasonable attorneys' fees.

## Count I:
## Disability Discrimination in Violation of the ADA

28. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-27 above.

29. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA.

30. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

31. Defendant is prohibited under the ADA from discriminating against Plaintiff because of Plaintiff's disability with regard to discharge, employee compensation, and other terms, conditions, and privileges of employment.

32. Defendant violated the ADA by unlawfully terminating and discriminating against Plaintiff based on her disability.

33. Defendant intentionally discriminated against Plaintiff on the basis of her disability.

34. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the ADA, Plaintiff has suffered and continues to suffer, lost wages, lost

benefits, as well as severe mental anguish and emotional distress for which Plaintiff is entitled to an award of monetary damages and other relief.

35. Defendant's unlawful conduct in violation of the ADA is outrageous and malicious, intended to injure Plaintiff, and has been done with conscious disregard of Plaintiff's civil rights, entitling Plaintiff to an award of exemplary and/or punitive damages.

## Count II:
### Failure to Accommodate in Violation of the ADA

36. Plaintiff realleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-27 above.

37. At all times relevant to this action, Plaintiff was a qualified individual with a disability within the meaning of the ADA. Plaintiff has an actual disability, has a record of being disabled, and/or is perceived as being disabled by Defendant.

38. Defendant was aware of Plaintiff's disability.

39. Defendant failed to accommodate Plaintiff's disability.

40. Defendant's discriminatory conduct, in violation of the ADA, has caused Plaintiff to suffer a loss of pay, benefits, and prestige.

41. Defendant's actions have caused Plaintiff to suffer mental and emotional distress, entitling her to compensatory damages.

42. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling her to punitive damages.

## Count III:
### Retaliation in Violation of the ADA

43. Plaintiff re-alleges and adopts, as if fully set forth herein, the allegations stated in Paragraphs 1-27 above.

44. Defendant retaliated against Plaintiff for engaging in protected activity when Plaintiff requested reasonable accommodations under the ADA by terminating her employment.

45. Defendant's conduct violates the ADA.

46. Defendant's discriminatory conduct in violation of the ADA has caused Plaintiff to suffer loss of pay, benefits, and prestige.

47. Defendant's actions have caused Plaintiff to suffer mental and emotional distress entitling her to compensatory damages.

48. Defendant has engaged in discriminatory practices with malice and reckless indifference to the Plaintiff's federally protected rights, thereby entitling her to punitive damages.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests this Honorable Court:

a) Enter judgment requiring Defendant to pay back wages and back benefits found to be due and owing at the time of trial, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, punitive damages, liquidated damages, and prejudgment interest thereon;

b) Grant Plaintiff her costs and an award of reasonable attorneys' fees (including expert fees); and

c) Award any other and further relief as this Court deems just and proper.

## **JURY DEMAND**

Plaintiff hereby requests a trial by jury on all triable issues herein.

>Respectfully Submitted:
>
>**/s/ Gary Martoccio**
>Gary Martoccio
>Texas Bar # 24108958
>**Spielberger Law Group**
>4890 W. Kennedy Blvd., Ste. 950
>Tampa, Florida 33606
>T: (800) 965-1570
>F: (866) 580-7499
>Gary.Martoccio@spielbergerlawgroup.com
>
>*Counsel for Plaintiff*